### HEATH *v.* SMITH, administrator.

1. A failure to instruct the jury on issues not before them is not error.
2. The verdict is supported by the evidence, and the court did not err in . refusing a new trial.

JULY 16, 1914.

Equitable petition.     Before Judge Gilbert.     Talbot superior court.     January 6, 1913.

L. W. Smith, as administrator upon the estate of Albert H. Heath, filed his petition against Mrs. Mittie Heath and Mrs. Mary P. Stanley, and showed substantially as follows: As administrator he proceeded to take charge of the property of the estate, and to rent and otherwise manage it as seemed to the best interest of the estate. In 1897 suit was brought against him as administrator, in the superior court of Talbot county, at the instance of Frank W. Stanley, on a note of petitioner's intestate, Albert H. Heath, amounting to $436, which note was secured by a deed to land of Heath, being all of the property of Heath of which petitioner as administrator became possessed. On the 9th day of March, 1903, judgment was rendered against petitioner as administrator for $689.99 principal, interest, and costs, in favor of Mary P. Stanley, executrix of Frank W. Stanley. It was a special judgment against the lands of petitioner's intestate, and a general judgment as to any other property of the intestate. This was the only debt of his intestate of which petitioner had notice, and before the rendition of the judgment he paid over to the agent of Stanley such funds

arising from the lands of his intestate as came into his hands from time to time, and obtained receipts therefor, which were included in his returns to the ordinary, and attached to the petition as exhibits. In April, 1903, an execution based on this special judgment was levied upon the lands of his intestate, and they were sold as provided by law, for $390, which sum, together with the payments petitioner had previously made, leaves a balance still due on the judgment, which Mary P. Stanley, executrix, demands of petitioner. In March, 1903, Mittie Heath, widow of petitioner's intestate, had set apart to her as a year's support the sum of $300 in money out of the intestate's estate. In January, 1904, the ordinary rendered judgment against petitioner, requiring him to pay the sum of $300 as a year's support to Mittie Heath. From this judgment petitioner entered an appeal to the superior court, which is now pending. Mittie Heath has also instituted suit on his bond as administrator, which is also pending in the superior court. He had no funds, nor has he ever had any property, in his hands in anywise belonging to the estate of A. H. Heath, except the lands, together with the rents arising from them, all of which he has paid out as appears by reference to his returns to the court of ordinary, except the sum of $108.02, the proceeds from the rent of the land collected before the levy of the execution, which sum he tenders into court. Mittie Heath and Mary P. Stanley are non-residents of Talbot county, and Mittie Heath is insolvent. Petitioner is about to be involved in a multiplicity of suits, which will result in great loss and damage to the estate. He is unable to determine the respective priorities in the premises set out. He prays, that Mary P. Stanley and Mittie Heath be required to interplead as to their respective claims to the fund in his hands; for direction of the court as to these funds; and that the suits against him be enjoined.

Mrs. Mittie Heath, answering, set up that the plaintiff as administrator had not made true and legal returns to the ordinary as required by law; that the ordinary had set apart to her a year's support, and the plaintiff had no legal defense to the judgment therefor in her favor; that he has in his hands the sum of $355.21 principal (instead of $108.02, as alleged in the petition), which he collected from the lands of his intestate; that he has paid out legally, on vouchers, only the sum of $10.94; that he is insolvent; and that she brought suit on his bond, which he had breached. She denied

that there would be any multiplicity of suits. Mrs. Stanley admitted substantially all of the allegations in the petition. She further averred, that after the death of A. H. Heath his widow, Mrs. Mittie Heath, abandoned the lands and failed to administer on them; that respondent petitioned the court of ordinary to grant letters of administration to L. W. Smith, which was done, so that she might enforce her claim against the estate of the decedent; tha A. H. Heath, previously to his death, had conveyed all of his property to respondent's testator, Frank W. Stanley; that the fund which Smith, as administrator, admits is in his hands is the proceeds from the rent of this land, accumulated pending the clearing of this respondent's title, and the fund so arising is impressed with the obligation of the land itself; that soon after the death of A. H. Heath, his widow left and abandoned the real estate formerly belonging to him, and took with her, of his property, a horse, mule, and other personalty of the value of $200, or other large sum, which she appropriated to her own use; that she also rented the lands for the year 1897, collected rents, appropriated them to her own use, and never accounted to Smith, the administrator, for the same; and that if Mrs. Heath was entitled to a year's support in the sum of $300, she has received it. Mrs. Stanley prayed that Mrs. Heath be required to account for the several sums received by her.

Certain agreed questions of fact were submitted to the jury. These, with the answers of the jury, are as follows: "First. Did Mrs. Mittie Heath abandon possession of the land of A. H. Heath, deceased? Yes. 2nd. What was the value of the property received by Mrs. Heath from her husband's estate after the death of the latter? $711.00. 3rd. What sums has L. W. Smith as administrator paid out as such? $236.19." Upon this verdict the court decreed that Mrs. Heath be enjoined from prosecuting the actions against Smith, administrator, and that the judgment in her favor be declared settled and satisfied, "it appearing that she has received property of the estate largely in excess of the sum set apart to her as a year's support, prior to the date the same was set apart." It was further decreed that Smith, administrator, pay, out of the funds found by the jury to be in his hands, such necessary expenses of administration as have been incurred by him since the filing of his returns (specifying certain costs), and "the balance, if any, to be paid to   .   .   Mary P. Stanley, executrix, to be credited upon

said fi. fa.;" that Smith be discharged as administrator; and that Mrs. Mittie Heath pay certain costs in the ordinary's court, and the cost of the suits filed by her in the superior court against Smith, administrator, and the American Bonding Company. Mrs. Heath made a motion for a new trial, which was refused, and she excepted.

*J. J. Bull & Son,* for plaintiff in error.

*W. N. McGehee, A. J. Perryman,* and *Howell Hollis,* contra.

HILL, J. (After stating the foregoing facts.)

1. The only ground of the motion for new trial which need be considered here is as follows: "Because the court erred in failing to charge the jury that a year's support being set apart to Mittie Heath, that it could not be collaterally attacked in this court, that the judgment was final." This would present a serious question if objection had been properly made in the court below. But by reference to the foregoing statement of facts it will be seen that only three questions were submitted to the jury, and these were by agreement of the parties. None of the questions submitted involved a collateral attack on the judgment of the court of ordinary, setting apart the twelve months' support. No objection was properly made at the trial to the introduction of evidence which resulted in the verdict, on the ground that a collateral attack was being made on the judgment of the court of ordinary. No exception was taken to the verdict, except as contained in the general grounds of the motion for new trial; and as to that, we think the verdict is supported by the evidence. The exception was likewise general to the final judgment of the court. The court merely entered a decree on the verdict, which is supported by the evidence; and as the only three issues which were submitted to the jury by agreement of the parties did not involve a question of collateral attack on the judgment of the court of ordinary setting aside the twelve months' support, the court did not err in failing to charge as set out. That issue was not involved in the trial before the jury. The court could only instruct the jury on issues which were before them, and doubtless did instruct them on the agreed issues which were submitted to them. But a failure to instruct on issues which are not involved in the case is not error. Even if evidence was admitted which tended to attack the judgment of the court of ordinary, no such specific and definite assignment of error is made thereto as can be considered.

2. The other grounds of the motion are either without merit, or are so vague and indefinite as that they can not be considered. The verdict is supported by the evidence, and the court did not err in refusing a new trial. In some instances it was not shown that the ground of objection urged in this court to the admission of evidence were made and passed on by the trial court.

*Judgment affirmed. All the Justices concur.*